UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA ) CR 05 86 T
)
v. ) CR. No. ____________
)
JOSEPH MEDEIROS )

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, Joseph Medeiros have reached the following agreement:

1. Defendant's Obligations:

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges that the defendant: obstructed commerce by robbery, in violation of 18 U.S.C. § 1951 (Count I); used, carried, and brandished a firearm during a crime of violence, in violation of 18 U.S.C. § 924 (c) (Count II); possessed a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count III); and possessed a short-barreled firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (Count IV). Defendant will plead guilty to the Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. The United States and Defendant hereby agree that the Titan .25 caliber semi-automatic pistol, serial number B53505, which is a firearm as defined in 18 U.S.C. § 921, seized from Defendant, and currently in the custody and/or control of the East Providence Police Department, was properly seized, and was involved in or used in a violation of 18 U.S.C.§ 922(g)

to which Defendant has pled guilty. Defendant agrees that the firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. The United States and Defendant further agree that the Savage .12 gauge shotgun, serial number R026919, which is a firearm as defined in 18 U.S.C. § 921, seized from Defendant, and currently in the custody and/or control of the East Providence Police Department, was properly seized, and was involved in or used in a violation of 18 U.S.C.§ 922(g) to which Defendant has pled guilty. Defendant agrees that both firearms are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearms.

Defendant further states that Defendant is the sole and rightful owner of said firearms and agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearms and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearms.

2. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the low end of the guidelines range for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. The government reserves the right to recommend any sentence up to and including the statutory maximum sentence, in the event that the defendant seeks (1) a downward departure, or (2) a sentence below the guidelines range determined by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. The United States and Defendant stipulate and agree to the following facts:

i. Defendant brandished a firearm during the commission of the offenses charged in Counts I and II of the Information.

ii. Defendant committed the instant offense subsequent to sustaining one felony conviction for a crime of violence.

4. The maximum statutory penalties for the offense to which Defendant is pleading are as follows:

Count I

i. Twenty years imprisonment;
ii. A fine of up to $250,000;
iii. A term of supervised release of up to three years;
iv. A special assessment of $100.

Count II

i. Mandatory minimum ten years consecutive to any other sentence and up to life;
ii. A fine of up to $250,000;
iii. A term of supervised release of three years;
iv. A special assessment of $100.

Count III

i. Ten years imprisonment;
ii. A fine of up to $250,000;
iii. A term of supervised release of three years;
iv. A mandatory special assessment of $100.

Count IV

i. Ten years imprisonment;
ii. A fine of up to $10,000;
iii. A term of supervised release of three years
iv. mandatory special assessment of $100

Thus, the total maximum sentence faced by the defendant is a term of imprisonment up to life, a fine of up to $760,000, a term of supervised release of 12 years, and $400 special assessment.

5. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

6. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the court accepts a plea of guilty.

7. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

8. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. Defendant also understands that the Court is not bound by the sentencing guidelines, and even if the Court's guideline calculations and ultimate sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

9. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of

justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

10. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

11. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

12. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

13. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

14. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

Joseph R Medeiros — 7/29/05

JOSEPH MEDEIROS
Defendant — Date

Richard Corley — 7/29/05

RICHARD CORLEY
Counsel for Defendant — Date

Adi Goldstein — 8/1/05

ADI GOLDSTEIN
Assistant U.S. Attorney — Date

Kenneth P. Madden FAUSA for — August 1, 2005

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief, Criminal Division — Date