UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. CR. NO. 05-86T

JOSEPH MEDEIROS

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO ENTER A GUILTY PLEA

## FACTUAL BACKGROUND

On December 14, 2004 an arrest warrant was signed by Magistrate Justice Almond in this case. The arrest warrant cited violations of 18 U.S.C. 922(g)(1), 924(c)(1)(A)(ii) and U.S.C. §5841, 5861(d) and 5871. The case was referred to the Federal Defender, Kevin Fitzgerald was appointed and the Defendant was detained after a hearing before Magistrate Justice Almond on December 20, 2004.

On January 4, 2005 the Federal Defender filed a Motion to Withdraw as counsel stating, "Breakdown of the attorney/client relationship has occurred and ineffective communication has developed." The Federal Defender's motion was granted and Attorney James McCormick was appointed on January 14, 2005.

On February 17, 2005 Attorney McCormick filed a Motion and Memorandum for a Psychiatric Evaluation Pursuant to 18 U.S.C. §4241 to determine the Defendant's competency. Defense Counsel sought a further examination under §4242 to determine the mental state of the Defendant at the time of the offense.

On February 24, 2005 the government responded that the Defendant should be evaluated but suggested that an examination under §4242 was premature. However, the government stated that it might be an inefficient use of time and judicial resources to conduct such a study.

On February 24, 2005 the Defendant sent a pro-se written letter directly to Justice Lisi pleading for leniency which was forwarded to the U.S. Attorney and Defense Counsel.

On March 2, 2005 the Order was signed by Magistrate Justice Almond ordering the psychological examination.

On May 27, 2005 a report was written and forwarded to Magistrate Justice Almond concerning the forensic mental health evaluation upon Joseph Medeiros. The Court records indicate that there was a court hearing on June 6, 2005 where the psychiatric report was sealed. The hearing was recorded by tape. Defense Counsel's request for a follow-up examination was denied by the Court and the Court accepted the psychological report.

On June 23, 2005 Defense Attorney James McCormick filed a Motion to Withdraw. The stated basis for the Motion to Withdraw was that even though he had better communication with the Defendant than the Federal Defender he believed that the Defendant's mental health issues, suicidal ideations, and choice to remain in segregation rather than regular population made it difficult to represent the Defendant. Apparently, the Defendant had requested to be represented by Attorney Richard Corley because he had represented the Defendant in the past in a State appointed case. Attorney

McCormick contacted Richard Corley and Attorney Corley agreed to accept the appointment if the Motion to Withdraw was granted.

On July 11, 2005 Attorney Richard K. Corley received the paperwork stating that he had been appointed to represent the Defendant.

Both before and after receiving the paperwork appointing him, Attorney Corley met several times with the Defendant to review the discovery and the status of the case. On July 29, 2005, following a meeting with his attorney, the Defendant Joseph Medeiros signed a plea agreement. On August 9, 2005 the Defendant signed a waiver of indictment to be charged by information. Following the arraignment the case was scheduled for October 14, 2005 for a change of plea hearing.

Prior to the signing of the plea agreement and the waiver of indictment, Defense Counsel had met on many occasions with the Defendant to discuss the discovery in the case as well as the forensic report. The forensic report consists of a twelve page history of the Defendant's psychological background as well as his substance abuse leading up to the charges in this information.

It is clear, both from the discovery, witness statements, and the forensic report that the Defendant was severely intoxicated on the night of the offense. The Defendant candidly admitted to his drinking. He informed the evaluator that he had experienced blackouts in the past. See Page 12 of Report. The Defendant stated that he had consumed a fifth of vodka, six to seven beers, as well four to five Oxycontin and Vicodin. He admitted to ingesting twelve lines of cocaine which he had never done in the past, and he continued to drink throughout the day. The Defendant informed the evaluator that he, "had no recollection of the alleged offenses". See Report at Page 10.

The Defendant informed the evaluator, "He said he had a vague recollection of driving to his step-daughter's apartment afterward and having the police shout at him to "get down" after he got out of his car. He said when he awoke in jail the next day, he was still intoxicated and had no idea why he had been arrested." See Report at Page 10.

The evaluator diagnosed the Defendant with several different psychological disorders and clearly stated that he was in need of treatment for his alcohol dependence.

The evaluator also found that the Defendant was competent to stand trial.

The evaluator stated that notwithstanding the fact that the Defendant had suffered from depressive disorders prior to the intoxication that his voluntary intoxication rather than symptoms of mental illness lead to the commissions of the alleged offenses.

The ultimate opinion was, "It is there the opinion of the undersigned that the time of the commission of the acts constituting the alleged offense, Mr. Medeiros did not suffer from a severe mental disease or defect that rendered him unable to appreciate the nature and quality, or wrongfulness of his acts." It is clear that the mental health defense in the Federal Courts was drastically changed by, The Insanity Defense Reform Act of 1984 cited at 18 U.S.C. §17. The major effect of the Act was to place the burden of proof upon the Defendant to establish a two-prong test. First he must establish that he suffered from a serious mental disease or defect at the time of the crime and second that his mental disease or defect must have prevented him from appreciating the nature and quality or wrongfulness of his acts. See 18 U.S.C.S. at §17a.

In United States of America vs. Knott, 894 F.2d 1119 (9th Cir. 1990), cert. denied 498 U.S. 873 (1990), the Court clearly stated that the law did not support any claim that voluntary intoxication would be a defense under a claim of insanity. The Court

referenced Congress statements about voluntary intoxication as well as a review of the legal standard and determined that voluntary intoxication may not be considered in determining an insanity defense. See Knott at 1122.

Further support for this position can be found in United States of America vs. Garcia, 94 F.3d 57 (2nd Cir. 1996). The Court quoted Congress in its ruling, "The committee also intends that, as has been held under present case law interpretation, the voluntary use of alcohol or drugs, even if they render the defendant unable to appreciate the nature and quality of his acts, does not constitute insanity or any other species of legally valid affirmative defense." The Court noted the clear statement by Congress and ruled that the voluntary use of alcohol or drugs was not a defense.

**DEFENDANT'S PROFERED PLEA**

On October 14, 2005 the Defendant appeared before this Court and entered a plea of guilty to the charges. He acknowledged that he understood his rights and that he was satisfied with his representation. The Defendant stated that he understood all of the rights that he was waiving, he was satisfied with his representation, and had reviewed the discovery with his counsel. It was at the very end of the plea that a problem developed. Following the government's statement of facts the Court asked the Defendant if he had committed the crime as described by the government. The Defendant stated to the Court that he had no present memory of the actual robbery because he was in an alcoholic blackout at the time of the robbery. The Defendant went on to state that he was not denying that he committed the crimes but that he could not honestly answer that he had a clear recollection of the events. At that point the Court questioned whether he could accept the plea and called a recess.

There is no requirement under Federal Law that the Defendant absolutely admits his participation in a crime in order to be sentenced following a guilty plea.

In North Carolina vs. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970), the Court gave an historical review of the guilty plea in Federal Court. The Alford decision provides direct authority for the acceptance of the guilty plea in this case. In Alford, the Court stated, "Thus while most pleas of guilty consists of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit has participation in the acts constituting the crime." Emphasis added.

Joseph Medeiros is caught between a rock and a hard place. He is "unable to admit his participation in the acts constituting the crimes" for which he is charged. However, Federal Law does not allow him to raise the reason for his blackout of memory as a defense in his case.

The discovery indicates that the evidence in this case is overwhelming pointing towards the guilt of the Defendant. He is willing to admit his guilt. He has been advised that foregoing a trial and an admission of guilt provides him with the best possible alternative for mitigating his sentence.

The Court has a second alternative to accepting a plea from Joseph Medeiros. Rule 11b states that a court may accept a plea of nolo contendre with the consent of the court. "Such a plea shall be accepted by the Court only after due consideration of the views of the parties and the interest of the public and the effective administration of

justice." It would seem, given all of the factors in this case, that the Court could accept a plea pursuant to Rule 11b if the Court felt it was necessary due to the Defendant's inability to recall the specific events which lead to his prosecution.

Accordingly, the Defendant is seeking the Court to accept his guilty plea and schedule his case for a sentencing.

Respectfully Submitted,

Richard K. Corley

Richard K. Corley, Esq.
**Corley Taveras & Petrarca, LLP**
Bar No. 2965
127 Dorrance Street
2nd Floor
Providence, RI 02903
401/861-2100

**CERTIFICATION**

I hereby certify that I did ~~mail~~ deliver a true and correct copy of the within Memorandum to Adi Goldstein, Assistant U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 26 day of October, 2005.

Richard K. Corley
_______________________